UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GILBERTO RUIZ-BALDOVINOS[1]       )
                                  )
v.                                )      4:07-cv-59\4:06-cr-24
                                  )      *Mattice/Lee*
UNITED STATES OF AMERICA          )

## MEMORANDUM

Pending before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Gilberto Ruiz-Baldovinos ("Ruiz-Baldovinos") (Court File No. 25). Apparently, Ruiz-Baldovinos does not realize he has an appeal pending in his criminal case. In his § 2255 motion Ruiz-Baldovinos claims he instructed counsel to file an appeal but his counsel failed to do so. However, the record indicates Ruiz-Baldovinos' counsel filed a notice of appeal on January 25, 2007 (Court File # 18). The defendant's direct criminal appeal is pending before the Sixth Circuit Court of Appeals in Case No. 07-5127.

Ruiz-Baldovinos' conviction has not become final for purposes of the one-year limitation period under 28 U.S.C. § 2255 since he presently has an appeal pending. Consequently, he has prematurely filed his § 2255 motion. After reviewing the record and the applicable law,[2] the Court

---

[1] Although Gilbert Ruiz-Baldovinos spelled his last name Baldovines in his § 2255 motion, all documents in his criminal case reflect the spelling of his name as Baldovinos. Accordingly, the Court has changed the spelling of his name in the style of this § 2255 memorandum and judgment to reflect the spelling as Baldovinos. If the correct spelling of the last name is Baldovines, Movant **SHALL** notify the Court **within twenty days from the date of this order**.

[2] Absent extraordinary circumstances, a district court should not entertain a § 2255 motion while a direct appeal from the same conviction is still pending. *United States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st

1

concludes that the motion for post conviction relief will be **DENIED WITHOUT PREJUDICE.**[3]

Accordingly, an appropriate judgment will enter.

                                              /s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

Cir. 1988) *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S. 1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968). *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996 WL 160792; *United States v. Leggett,* 23 F.3d 409, (6th Cir. 1994) (unpublished table decision), *available in* 1994 WL 171441, at*1, *2, *cert. denied,* 516 U.S. 998 (1995); *Bishop v. United States,* 914 F.2d 1494, (6th Cir. 1990), (unpublished table decision), *available in* 1990 WL 140602. The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 at 484.

[3]*See United States v. Jenkins,* 2001 WL 128435, at *1 (6th Cir. Feb. 6, 2001) (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)